IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Kinjta Kadeem Sadler, | ) | C/A No. 8:19-cv-00333-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Charles Williams, Thomas Robertson, | ) | |
| Stanley Terry, Clarissa Jones, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on two matters: (1) for a ruling on Plaintiff Kinjta Kadeem Sadler's ("Plaintiff") 2/14/2020 letter, which was construed as a motion for extension of time [ECF No. 60]; and (2) for a review of the November 22, 2019 Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin (the "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), recommending this court grant Defendants' motion for summary judgment, ECF No. 32, and deny Plaintiff's motion for summary judgment, ECF No. 40. [ECF No. 49.] Each is addressed, in turn, below.

1. **Second "Motion" for Extension of Time.**

To consider Plaintiff's request, a review of the relevant procedural history is instructive. As noted above, on November 22, 2019, the Magistrate Judge issued a Report recommending resolution of both parties' motions for summary judgment. [ECF No. 49.] The Report included a Notice of Right to File Objections. *Id.* Shortly thereafter, Plaintiff filed a Motion for Extension dated December 4, 2019. [ECF No. 52.] At that time, Plaintiff specifically requested additional time to "file [a] response to [the] recommendation of Magistrate Judge." *Id.* Defendants objected to the requested 90-day extension, but agreed to "a reasonable extension of thirty (30) days." [ECF

No. 53.] By text order on December 11, 2019, the Magistrate Judge granted Plaintiff's request, in part, extending the deadline to file objections to January 10, 2020. [ECF No. 54.] The text order was mailed to Plaintiff the same day. [ECF No. 55.]

Plaintiff failed to file objections by the extended deadline of January 10, 2020. By letter dated February 14, 2020, Plaintiff stated as follows:

> (I): Plaintiff want to advisited the court that on 1/28/20 I was transferred to Tyger River Correctional Institution. Then on 2/3/20 I was transferred to crisis stabilization unit in Broad River Correctional Institution, then on 2/6/20 transferred to Kershaw Correctional Institution  Doing all of that moving and shiping around my legal supplies, legal mail and legal box some how was lost! (I) Plaintiff contacted the Property Lady asking her to call or get in touch with Tyger Riger Corr Inst asking and demanding her to ask them about my legal materials. I haven't got a respond back yet. But I will like to ask the courts what is the status on my case. And How much time do I have to appeal or Respond to any motion or statement? I still will like this case to be seen and heard by Jury and Judge.

[ECF No. 60 (errors in original).] The letter was construed and docketed as a motion for extension of time. On February 21, 2020, Defendants filed a response in opposition to Plaintiff's request. [ECF No. 61.]

Rule 6(b) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time[.]" Fed. R. Civ. P. 6(b). Plaintiff has not identified good cause for a second extension of time. As noted above, the Magistrate Judge previously granted Plaintiff a generous extension of 30 days to submit objections to the Report. Plaintiff failed to file objections or request a second extension of time by the January 10, 2020 deadline. Moreover, Plaintiff's letter outlines events beginning eighteen (18) days *after* the extended deadline and, therefore, fails to set forth any reason why the objections were not timely filed. And, finally, Plaintiff's letter fails to set forth a specific request for additional time.

The letter does not identify a proposed new deadline for objections and, instead, asks for general guidance on how much time remains. Accordingly, the letter constitutes a second request for extension of time, the request is denied. *See Major v. Housing Authority of City of Greenville*, No. 6:12-cv-00183, 2012 WL 3000676, at *1 (D.S.C. July 23, 2012) (denying motion for extension of time to file objections where plaintiff failed to show good cause); *McCullough v. Crawford*, No. 2:09-cv-2631, 2009 WL 4110316, at *1 (D.S.C. Nov. 25, 2009) (denying motion for extension of time to file objections as unreasonable where it requested an additional two and one-half months to file objections).

**2. Review and Adoption of Report.**

Having denied Plaintiff's request for an extension of time, the court turns to a review of the Report. *Hinojos v. Byars*, No. 2:13-cv-1900, 2014 WL 3687400, at *1 (D.S.C. July 23, 2014) (denying motion for extension of time to file objections, finding "plaintiff has had ample time to file objections and has failed to do so," and reviewing the Report for clear error).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

In this case, Plaintiff filed to timely file objections to the Report and, therefore, the court applies the clear error standard. After a thorough review of the Report, the record in this case, and applicable law, the court finds that it accurately states the law and there is no clear error.

3. **Conclusion.**

For the foregoing reasons, Plaintiff Kinjta Kadeem Sadler's motion for extension of time, ECF No. 60, is **DENIED**. And, without objection and finding no clear error, the court hereby adopts the Report and incorporates the Report by reference herein. Plaintiff's motion for summary judgment, ECF No. 40, is **DENIED**, Defendants' motion for summary judgment, ECF No. 32, is **GRANTED**, and any pending motions are **MOOT**.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

March 2, 2020
Florence, South Carolina